IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM H. BRUSS, MARIANNE BRUSS, Plaintiffs and Next Friends of REBECCA H. BRUSS, a minor, and WILLIAM H,II, BRUSS, a minor.<br>     Plaintiffs,<br>vs.<br><br>THE CATHOLIC BISHOP OF DIOCESE OF JOLIET, IL; THE ROMAN CATHOLIC DIOCESE OF JOLIET, ILLINOIS, INC.; REVEREND GUY VACCARO, ST. JOHN THE BAPTIST ELEMENTARY SCHOOL, a parochial school; and JULIE TOBIN, Principal of ST. JOHN THE BAPTIST ELEMENTARY SCHOOL.<br>     Defendants. | Case No. 02 C 5979 |

**FILED**
DEC - 9 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

To:  J. Daniel McGrath, Jr.
   James C. Byrne & Associates
   815 N. Larkin
   Joliet, Illinois 60435

PLEASE BE ADVISED that on the 3rd day of December, 2002, we caused to be filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, Plaintiffs' Response to Defendants' Motion for Sanctions, a copy of which is attached hereto and herewith served upon you.

           _____
           Robert V. Gildo

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 3rd day of December, 2002, he served a copy of the foregoing Notice of Filing and Plaintiffs' Response to Defendants' Motion for Sanctions, upon the attorneys of record by placing in the U.S. mail in Wheaton, Illinois, with proper postage prepaid.

           _____
           Robert V. Gildo

Robert V. Gildo, Attorney No. 956252
Joseph M. Williams, Attorney No. 03128789
209 North Hale, Suite 201
Wheaton, Illinois 60187
(630) 462-7979 / (630) 462-8067

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM H. BRUSS, MARIANNE BRUSS, )
Plaintiffs and Next Friends of REBECCA H. )
BRUSS, a minor, and WILLIAM H.H. BRUSS, )
a minor, )
                        Plaintiffs, )
vs. ) Case No. 02 C 5979
                                                  )
THE CATHOLIC BISHOP OF DIOCESE )
OF JOLIET, IL; THE ROMAN CATHOLIC )
DIOCESE OF JOLIET, ILLINOIS, INC.; )
REVEREND GUY VACCARO, ST. JOHN )
THE BAPTIST ELEMENTARY SCHOOL, )
a parochial school; and JULIE TOBIN, )
Principal of ST. JOHN THE BAPTIST )
ELEMENTARY SCHOOL, )
                        Defendants. )

FILED
DEC - 9 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**RESPONSE TO DEFENDANTS'**
**MOTION FOR SANCTIONS**

      NOW COME the Plaintiffs, WILLIAM H. and MARIANNE BRUSS, by and through their counsel, ROBERT V. GILDO and JOSEPH M. WILLIAMS, who in Response to the Defendants' Motion for Sanctions, state as follows:

1.     Defendant initially raises issues repeating the facts and existence of another case in the Circuit Court of Du Page County, which is of no relevance to the present motion as this Court cannot sanction for what took place elsewhere. Plaintiffs move to strike all reference to this case.

2.     Defendant contends Rule 11, was violated as the allegations and factual contentions were not well grounded in fact and had no evidentiary support.

3.     There was one proceeding and one proceeding only in this Court, a motion for a temporary injunction to place two children back in a private school where it was objectively reasonable to believe they were being subjected to the improper removal, based upon the legal analysis stated on pages 2 through 8,

1

of the Plaintiffs' Memorandum of Law in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction. Exhibit "A".

4. Analysis of the applicable law as to the consideration and application of sanctions pursuant to Fed. Rule Civ. Pro. 11 (Exhibit "B"), provides in this Circuit as follows below.

5. Due to the impact of Rule 11 Sanctions on a party or his attorney, they are not to be lightly imposed. *(Harlyn Sales Corp. v. Kemper Financial Services (7th Cir. 1993), 9 F. 3d 1263; Brown v. Federation of State Medical Boards (7th Cir. 1987), 830 F. 2d 1429).* The primary objective of the Rule is to prevent frivolous lawsuits, not as a method to reimburse opposing parties for their costs of defense. *(Retired Chicago Police Assoc. v. Fireman's Annuity & Benefit Fund (7th Cir. 1998), 145 F. 3d 929, rehearing denied; Anderson v. County of Montgomery (7th Cir. 1997), 111 F 3d 494, cert. denied 118 S. Ct. 371.)*

6. An award of sanctions under Rule 11, is discretionary, not mandatory and, being punitive in nature, is strictly construed and applied. *(Matter of Generes (7th Cir. 1995), 69 F. 3d 821, cert. denied, 117 S. Ct. 81; Knorr Brake Corp. v. Harbil, Inc. (7th Cir. 1984), 738 F. 2d 223).*

7. To sanction, the Court is to focus on "conduct", not results, i.e., one cannot be sanctioned for losing. *(Pacific Dunlop Holdings, Inc. v. Barosh (7th Cir. 1994), 22 F. 3d 113;* see *Harlyn Sales*, supra.) To be liable for sanctions, counsel must have engaged in serious and studied disregard of the orderly process of justice. *(Knorr Brake Corp. v. Harbil, Inc. (7th Cir. 1984), 738 F. 2d 222).* Conduct is sanctionable where a position taken is frivolous without reasonable inquiry into the facts or existing law or a good faith argument for its modification, or, if the suit is brought merely to harass. *(Magnus Electronics, Inc. v. Masco Corp. of Ind. (7th Cir. 1989), 871 F. 2d 626, cert. denied, 110 S. Ct. 237).*

8. Even the advancement of a meritless claim is not sanctionable but counsel must have put forth a claim with no objectively plausible, legal or factual justification. (See *Knorr*, supra.) Rule 11 is not to be used to chill creativity or enthusiasm in pursuing legal theories. *(D'Aquino v. Citicorp / Diners Club,*

2

*Inc. (N.D. Ill. 1991), 139 F.R.D. 357.)* The raising of unsettled issues or questions of first impression, do not prompt sanctions *(Payne Webber, Inc. v. CAN AM Financial Group, Ltd. (N.D. Ill. 1988), 121 F.R.D. 324,* affd*. 885 F. 2d 873).* Nor does the absence of legal precedent, presentation of unreasonable arguments or the failure to prevail justify an award of sanctions. *(Dean Foods Co. v. United Steel Workers (N.D. Ind. 1995), 911 F. Supp. 1116.*

9. Plaintiffs alleged the constitutional due process interest of a child in an education. *(Scoville v. Board of Education (7th Cir. 1970), 425 F. 2d 10,* cert*.* denied*),* and that religious institutions are not entitled to violate constitutional or civil rights or liberty or property interests. (See *LeDuc v. Normal Park Presbyterian Church (7th Cir. 1944), 142 F. 2d 105).* Arbitrary actions of school authorities which shock the conscience may be overturned. *(Fuller v. DeCateur Public School Bd. (C.D. Ill. 2000), 78 F. Supp. 2d 812).* Section 5/24-24 of the Illinois School Code (105 ILCS 5/24-24), specifies that all persons who are involved in administering schools stand in the shoes of the parents pursuant to the loco parentis doctrine, which applies to private religions as well as public schools. *(Merrill v. Catholic Bishop of Chicago (1972), 8 Ill. App. 3d 910, 290 N.E. 2d 259).* Accordingly, students are not to be removed or expelled arbitrarily. *(Jorden ex rel. Edwards v. O'Fallen Tw. H.S. (1999), 302 Ill. App. 3d 1070, 706 N.E. 2d 13).* Discipline in a school, including private, is to non-arbitrarily, reasonable and non-malicious. *(People v. Parris (1971), 130 Ill. Spp. 2d 993, 267 N.E. 2d 39;* see *Whitfield v. Simpson (N.D. Ill. 1970), 213 F. Supp. 889; Robinson v. Oak Park & River Forest H.S. (1991), 213 Ill. App. 3d 77, 571 N.E. 2d 93).* A church decision which is arbitrary need not be accepted by a secular court. *(Serbian Eastern Orthodox Diocese v. Ocokoljich (1966), 72 Ill. App. 3d 444, 219 N.E. 2d 343).* The authority of a school administrator is not to transcend constitutional rights. *Picha v. Wielgos (N.D. Ill. 1976), 410 F. Supp. 1214).* This Court noted there were no cases exactly on point and the issue was unique; merely failing to prevail does not make raising that unique issue sanctionable.

10. In this case, Plaintiffs' conduct, as well as that of its counsel, was objectively reasonable. (See *Pacific Dunlop*, supra). There was no disregard for orderly judicial powers and Plaintiffs' position was not ungrounded in either facts or legally. (See *In re Ronco, Inc.* (7th Cir. 1988), 838 F. 2d 212 (test of sanction is whether conduct was wholly unreasonable in the circumstances).) Plaintiffs' counsel engaged in very substantial legal research and factual inquiry, prior to filing the Motion for a Temporary Injunction in this Court. (See *D'Aquino*, supra). A pleading which is not clearly unreasonable, does not violate Rule 11. *(Les Mutuelles Du Mxns Vie v. Life Assoc. Co. of Penn.* (N.D. Ill. 1989), 128 F.R.D. 233).

11. The Court is not to engage in hindsight, but is to consider what was reasonable at the time the pleading was filed (See *Hillsborough County v. A & E Road Oiling Service, Inc.* (N.D. Fla. 1995), 160 F.R.D. 655), and is to consider the ability to pay of he who is sanctioned. *Baker v. Alderman* (11th Cir. 1998), 158 F. 3d 516; *Anderson v. County of Montgomery* (7th Cir. 1997), 111 F. 3d 494, cert. denied, 118 S. Ct. 371.

12. Where there exist exigent circumstances, as existed here due to two children imminently to start school from which they were excluded, a more limited inquiry into both facts and law is justified and counsel are entitled to rely upon information supplied to them by their clients. *Homer v. Halbritter* (N.D.N.Y. 1994), 158 F.R.D. 236.

13. Plaintiffs' counsel, to prepare the Injunction Motion and accompanying memorandum reviewed, annotations as to constitutional law, school law as to both public and private schools, religious society annotations and cases, both federal and state, ALR annotations, including 20 ALR 2d 421-522, suspension or expulsion from a church or religious society and the remedies therefore, the Illinois School Code as applied to private schools and all of the private/religious school recorded cases.

14. Plaintiffs' extensive memorandum cites approximately 45 cases, both federal and state multiple sections of the Illinois School Code as to apply to private schools by their terms or by courts of record,

4

the standard of what constitutes regulatable conduct by a church, (i.e., actions versus thoughts), and the arbitrary disregard of the children's educational rights by a church standing in loco parentis, which authorities reveal wholly objectively reasonable arguments which were in no way frivolously made or made without extensive investigation in the limited time available due to the children's imminent loss of their educational continuation.

15. Plaintiffs even consulted Canon Lawyers as to the absence of the Defendants' rights under Canon Law of the Church to take the actions they did, leaving no stone unturned in researching the objective and heartfelt belief of the validity and justice of Plaintiffs' position taken in this Court. Exhibit "C".

16. The mere fact Plaintiffs failed to obtain an injunction does not mandate that they be sanctioned.

17. In fact, a temporary injunction decides nothing on the merits and is merely a status quo holding device; it would be absurd to sanction Plaintiffs for attempting to maintain the status quo, pending further resolution upon the merits.

18. Plaintiffs include as an exhibit a partial copy of their raw research notes as to their research for this cause and as to their review of the law as to the objective reasonability of the motion and memoranda filed. Exhibit "D".

19. Clearly, Plaintiffs' believed in the correctness and validity of their position and made a more than reasonable inquiry into both the facts and the law; to sanction here would chill advocacy, creativity and would constitute mere punishment of the loser, who merely chose not to go forward, for reasons other than loss of the Motion for Temporary Injunction.

WHEREFORE, Plaintiffs respectfully request this Court to deny the Sanctions Motion in total.

Respectfully Submitted,

_____
Robert V. Gildo

_____
Joseph M. Williams

Robert V. Gildo, Attorney No. 956252
Joseph M. Williams, Attorney No. 03128789
209 North Hale, Suite 201
Wheaton, Illinois 60187
(630) 462-7979 / fax (630) 462-8067

5

*See Case File for Exhibits*